CHARLES CROOKER, *Petitioner, versus* ELBRIDGE RANDALL.

A review will not be granted in a case which has been referred, on the mere ground that the petitioner's counsel was not present, when the report of the referee was offered and accepted in Court, although it was not offered until after the second day of the term.

A review will not be granted on the ground of newly discovered evidence, when it does not appear that the evidence is admissible, or that it is not cumulative.

ON EXCEPTIONS to ruling of WALTON, J.

PETITION FOR REVIEW, to which the respondent demurred. The presiding Judge sustained the demurrer, and the petitioner excepted.

The original case was referred. The petitioner alleged that his counsel attended the term of Court at which the report of the referee was accepted, but, it not having been presented during the first two days of the term, he left. It was afterwards presented and accepted. The petitioner also alleged that he relied on his counsel's being present when the report was offered. He also asked for a review on the ground of newly discovered evidence.

*S. May,* for the petitioner.

*J. Smith,* for the respondent.

DICKERSON, J. — The facts admitted by the demurrer

would not authorize the rejection of the report of the referee; *a fortiori*, the Court will not grant a review. The "mistake" alleged was the fault of the petitioner's counsel; which the Court will not cure.

It does not appear that the newly discovered evidence is admissible, or that it is not cumulative; nor is the Court furnished with the whole evidence before the referee, to enable it to determine whether the evidence is cumulative.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON and DANFORTH, JJ., concurred.